IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE IRIGOYEN, personally and on behalf of all similarly situated,<br><br>      Plaintiff,<br>  v.<br><br>FIRST GUARANTY FINANCIAL CORPORATION, et al.,<br><br>      Defendants. | 1:11-CV-1096  AWI MJS<br><br>ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. No. 7) |

  This case stems from a deed of trust obtained by Plaintiff Bernadette Irigoyen ("Plaintiff"), through her mortgage broker Defendant Westchester Funding ("Westchester"), from Defendant First Guaranty Financial Corp. ("FGF").[1]  The deed of trust is secured by real property located in Clovis, California.  Irigoyen alleges violations of 18 U.S.C. § 1961 ("RICO"), California Business and Professions Code § 17200, California Civil Code § 2923.1, California Civil Code § 2923.5, common law unjust enrichment, and injunctive relief.  Currently pending before the Court is Plaintiff's *ex parte* application for a temporary restraining order.  For the reasons that follow, the Court will grant Irigoyen's motion and set a briefing schedule for a preliminary injunction.

---

[1] As the style of the case indicates, Plaintiff is attempting to bring this case as a class action.

**ALLEGATIONS & BACKGROUND**

From the verified complaint, Plaintiff contends Westchester offered to obtain refinancing in the sum of $464,000, to be secured by Plaintiff's family residence located on 2816 Keats Ave., Clovis, California ("the Property"). Westchester knew that the true value of the Property was about 60% of the amount to be refinanced. Despite knowing the true value, Westchester arranged the loan through FGF, with the $464,000 to be secured by a deed of trust. As part of a scheme, FGF agreed to provide kickbacks or other consideration to Westchester for the making of loans (to be secured by real estate) which both defendants know or have reason to know would be defaulted.

In September 2010, Plaintiff defaulted on the loan.

On December 1, 2010, Plaintiff hired a real estate forensic loan document firm to recommend options for Plaintiff in her efforts to keep her home and avoid foreclosure. On December 7, 2010, Defendant Aurora Loan Services, LLC acknowledged the request for loan documentation from the real estate firm, and complied with the request.

On January 19, 2011, Defendant Cal-Western Reconveyance Corp. ("Cal-Western"), without having been substituted in as trustee under the deed of trust, commenced foreclosure proceedings by recording a Notice of Default in the Fresno County Recorder's office. See Complaint Ex. C. The Notice of Default indicates that, pursuant to California Civil Code § 2923.5(b), the provisions of California Civil Code § 2923.5 did not apply. See id. Neither FGF nor anyone acting on its behalf contacted Plaintiff either personally or telephonically 30 days before recording the Notice of Default.

On February 3, 2011, FGF and Defendant Mortgage Electronic Registration Systems, Inc. mailed Plaintiff a non-recorded Substitution of Trustee, that substituted Cal-Western as the trustee under the Deed of Trust.

On April 20, 2011, Cal-Western recorded a Notice of Trustee Sale in the Fresno County Recorder's Office. The Trustee Sale was noticed for May 10, 2011, but was subsequently moved to July 11, 2011, at 9:00 a.m. at the Fresno County Courthouse breezeway.

Plaintiff filed this lawsuit on July 1, 2011. On July 5, 2011, Plaintiff filed this request for

a temporary restraining order ("TRO"), as well as a motion for preliminary injunction. A certificate of service for the TRO and motion for preliminary injunction also was filed on July 5, 2011.

As part of the TRO request, Plaintiff submitted a declaration that indicates *inter alia*: (1) she contacted the real estate firm to conduct a forensic audit in order to find out if something had gone wrong in the financial process and/or to explore possible options to avoid foreclosure; (2) she has no information that the firm is a company which assists people who simply want to get extra time after they decide to leave their homes in order to extend the foreclosure process; (3) the Property is her residence and she has never had the intention of abandoning it or avoiding paying for it; and (4) before the notice of default was filed, none of the defendants contacted her for the purpose of exploring options to avoid foreclosure, rather, the only contact was constant and persistent demands for immediate payment. See Courts's Docket Doc. No. 8-1.

## LEGAL STANDARD

Under Rule 65(b), a court may issue an *ex parte* temporary restraining order only if: (1) it clearly appears . . . that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required. Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted *ex parte* are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974); McCord, 452 F.3d at 1131.

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co.,

3

887 F.Supp. 1320, 1323 (N.D. Cal. 1995); see also Welker v. Cicerone, 174 F.Supp.2d 1055, 1062 (C.D. Cal. 2001). A plaintiff seeking a preliminary injunction must establish: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011). "Injunctive relief . . . must be tailored to remedy the specific harm alleged." Park Vill., 636 F.3d at 1160.

## DISCUSSION

A temporary restraining order is warranted. First, Plaintiff has shown a likelihood of success on her claim under California Civil Code § 2923.5(a). That section requires that, 30 days before a notice of default is filed, the mortgagee, beneficiary, or authorized agent "shall contact the buyer in person or by telephone in order assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal. Civ. Code. § 2923.5(a); Argueta v. J.P. Morgan Chase, 2011 U.S. Dist. LEXIS 41300, *18-*20 (E.D. Cal. Apr. 11, 2011); Paik v. Wells Fargo Bank, N.A., 2011 U.S. Dist. LEXIS 3979, *7-*12 (N.D. Cal. Jan. 13, 2011); Mabry v. Superior Ct., 185 Cal.App.4th 208, 220 & n.6 (2010). The remedy for a violation of § 2923.5 is postponement of the foreclosure sale until there has been compliance with the statute. Argueta, 2011 U.S. Dist. LEXIS 41300 at *18-*20; Paik, 2011 U.S. Dist. LEXIS 3979 at *7-*12; Mabry, 185 Cal.App.4th at 223. Plaintiff's declaration shows that § 2923.5 was not followed. While there are exceptions to following § 2923.5(a)'s requirement of contacting a buyer, the allegations in the complaint and in Plaintiff's declaration indicate that Plaintiff did not contact a firm whose primary business is advising people who have decided to leave their homes on how to extend the foreclosure process and avoid their contractual obligations.[2] Cf. Cal. Civ. Code § 2923(b),

---

[2] The allegations in the complaint also suggest that Plaintiff may have a valid claim for breach of fiduciary duty under California Civil Code § 2923.1. However, that cause of action is alleged against only Westchester. At this time, it is unclear whether this cause of action would form basis of a TRO. In light of the likelihood of success demonstrated in connection with the § 2923.5 claim, the Court need not address the issue at this time. Additionally, Plaintiff contends that she has a likelihood of success on her RICO claim. However, Plaintiff has made an insufficient showing in her TRO application that she has a likelihood of success under RICO.

(h)(2).

Second, without the TRO, Plaintiff would suffer irreparable harm.  As stated above, the remedy for a violation of § 2923.5 is postponement of the foreclosure sale.  However, once a foreclosure sale occurs, there is no relief available under § 2923.5.  See Mehta v. Wells Fargo Bank, N.A., 737 F.Supp.2d 1185, 1194 (S.D. Cal. 2010).  Further, since a violation of § 2923.5 does not place a cloud on the title, see Mabry, 189 Cal.App.4th at 223, the possible loss of Plaintiff's right to the Property would not be reparable.  See Washington v. National City Mortg. Co., 2011 U.S. Dist. LEXIS 52067, *15-*16 (N.D. Cal. May 13, 2011) ("The loss of one's home through foreclosure generally is considered sufficient to establish irreparable harm.").  Plaintiff has sufficiently demonstrated irreparable harm.  See Paik, 2011 U.S. Dist. LEXIS 3979 at *12-*13.

Third, with respect to the balancing of the equities and the public interest, the Defendant's interests are secured by the deed of trust.  Further, the Court will order that a security be filed, so as to protect the Defendants from any damages that might be sustained as a result of the TRO.  See Fed. R. Civ. Pro. 65(c).  Additionally, there does not appear to be a great risk or danger that the elderly Plaintiff, who resides at the property, will herself damage the Property.  Also, given the showing that has been made, and given that the remedy is postponement of the foreclosure sale, it does not appear that the statutory notice requirements have been followed, and Plaintiff is entitled to vindicate her statutorily required notice.  See Paik, 2011 U.S. Dist. LEXIS 3979 at *13-*14.

Finally, since the trustee sale is set to occur on July 11, 2011, at 9:00 a.m., the Court does not believe that further notice, beyond the certificate of service filed by Plaintiff, is practicable.

## **CONCLUSION**

Plaintiff moves for a TRO that would restrain defendants from conducting a trustee sale for the Property on July 10, 2011.  After considering the application, Plaintiff has sufficiently established a likelihood of success, irreparable injury, and that the balance of hardships and public interest weigh in her favor.  Further, considering the short time until the trustee's sale,

additional notice and opportunity to be heard is not practical. As such, the Court will grant Plaintiff's request for a temporary restraining order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a temporary restraining order is GRANTED;
2. Defendants are RESTRAINED from proceeding with the Trustee Sale, currently set for July 11, 2011, at 9:00 a.m., of the property located at 2816 Keats Ave., Clovis, California, until further order of the Court;
3. Defendants shall appear on July 18, 2011, at 3:00 p.m. in Courtroom No. 2 and SHOW CAUSE why a Preliminary Injunction should not be granted that restrains and enjoins Defendants from proceeding with a Trustee Sale of the property located at 2816 Keats Ave., Clovis, California;[3]
4. Defendants shall file an opposition to Plaintiff's motion for preliminary injunction on or by 3:00 p.m. on July 12, 2011;
5. Plaintiff shall file a reply on or by 5:00 p.m. on July 14, 2011;
6. Plaintiff shall file a security in the amount of $2,500.00 (two thousand five hundred dollars) no later than 3:30 p.m. on July 8, 2011;
7. Should Plaintiff fail to timely file the above security, then Plaintiff's motion for temporary restraining order SHALL BE DEEMED TO BE DENIED IN FULL and Defendants will be under no restraint with respect to the July 11, 2011 Trustee's Sale; and
8. Plaintiff shall forward a copy of this order to Defendants immediately, and shall file with the Court a certificate of service of this order on Defendants.

IT IS SO ORDERED.

Dated:  July 6, 2011

CHIEF UNITED STATES DISTRICT JUDGE

---

[3] As part of the briefing, both parties shall address the propriety of an injunction based on the alleged violation by Westchester of its fiduciary duties owed to Plaintiff in its capacity as a mortgage broker.