IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE IRIGOYEN, personally and on behalf of all similarly situated,<br><br>                   Plaintiff,<br>     v.<br><br>FIRST GUARANTY FINANCIAL CORPORATION, et al.,<br><br>                   Defendants. | 1:11-CV-1096 AWI MJS<br><br>ACKNOWLEDGMENT OF NOTICE OF BANKRUPTCY AND ORDER FOR ADDITIONAL BRIEFING |

    This case involves the attempted foreclosure by Defendants against real property owned by Plaintiff. On July 6, 2011, the Court granted Plaintiff's motion for temporary restraining order. The order prevented Defendants from foreclosing on Plaintiff's real property, and set a briefing schedule and hearing date for Plaintiff's motion for preliminary injunction. Following the issuance of the temporary restraining order, the parties on several occasions stipulated to continue the deadlines and effectiveness of the temporary restraining order. Currently, hearing on Plaintiff's motion for preliminary injunction is set for October 24, 2011, and Plaintiff's reply memoranda is due on October 17, 2011. See Court's Docket Doc. No. 19. Defendants have filed an opposition, but have filed no motions or answers.

    On October 11, 2011, Plaintiff filed a notice of Chapter 7 bankruptcy. The automatic bankruptcy stay applies to actions "brought against the debtor." 11 U.S.C. § 362(a). The automatic stay provisions do not apply to lawsuits brought by the debtor. See In re Palmdale Hills Props., LLC, - - - F.3d - - -, 2011 U.S. App. LEXIS 15907, *13 (9th Cir. 2011); Snavely v.

Miller, 397 F.3d 726, 729 (9th Cir. 2005); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); Cobb v. Aurora Loan Servs., 408 B.R. 351, 355 (E.D. Cal. 2009). Since Plaintiff initiated this lawsuit prior to filing bankruptcy, this case is not subject to the automatic stay. See id.

However, once a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy. See De Pomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); Basilio v. TDR Servicing, 2009 U.S. Dist. LEXIS 120583 (E.D. Cal. Dec. 29, 2009); Cobb, 408 B.R. at 354; Hernandez v. Downey Sav. & Loan Ass'n, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009). The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets. See id. Since the claims in this case accrued prior to Plaintiff filing for bankruptcy, it appears that she is no longer the real party in interest and lacks standing to pursue this lawsuit. See id. In light of Plaintiff's filing bankruptcy, the parties will be directed to file briefing regarding Plaintiff's standing to pursue this lawsuit, including the preliminary injunction.

Accordingly, IT IS HEREBY ORDERED that:

1. On or by October 17, 2011, as part of her reply memoranda, Plaintiff shall address her standing to pursue this lawsuit (including the preliminary injunction) in light of her filing of bankruptcy;

2. On or by October 19, 2011, Defendants shall file a sur-reply that addresses the issue of standing and responds to any arguments that Plaintiff makes regarding her standing in light of the filing of bankruptcy; and

3. The October 24, 2011, hearing at this point shall remain on calendar.

IT IS SO ORDERED.

Dated:   October 12, 2011

CHIEF UNITED STATES DISTRICT JUDGE