IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE IRIGOYEN, personally and on behalf of all similarly situated,<br><br>    Plaintiff,<br> v.<br><br>FIRST GUARANTY FINANCIAL CORPORATION, et al.,<br><br>    Defendants. | 1:11-CV-1096  AWI MJS<br><br>ORDER VACATING HEARING AND ORDER ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(Doc. No. 8) |

  This case involves the attempted foreclosure by Defendants against real property owned by Plaintiff. On July 6, 2011, the Court granted Plaintiff's motion for temporary restraining order ("TRO"). The order prevented Defendants from foreclosing on Plaintiff's real property, and set a briefing schedule and hearing date for Plaintiff's motion for preliminary injunction. Following the issuance of the TRO, the parties on several occasions stipulated to continue the deadlines and effectiveness of the TRO. Currently, hearing on Plaintiff's motion for preliminary injunction is set for October 24, 2011.

  On October 11, 2011, Plaintiff filed a notice of Chapter 7 bankruptcy.

  On October 14, 2011, the Court ordered the parties to address the issue of Plaintiff's standing in light of her filing for bankruptcy.

On October 17, 2011, Plaintiff filed a memorandum in which she conceded that she no longer has standing to prosecute this suit. Plaintiff stated that she reserves the right to continue to prosecute this action if the trustee ratifies, joins or substitutes itself or abandons the causes of action in the suit. Plaintiff also states that her motion for preliminary injunction is temporarily moot because of the automatic bankruptcy stay. Plaintiff then requests that the hearing on her preliminary injunction be stayed pending the bankruptcy proceedings.

On October 19, 2011, Defendants responded. Defendants contend that the Court should dismiss the case instead of staying the matter, since there is no identifiable time line for the bankruptcy proceedings. However, Defendants state that they will defer to the Court's judgment.

*Discussion*

Once a person files for bankruptcy, a bankruptcy estate is created and that estate includes causes of action that accrued prior to the filing of bankruptcy. See De Pomar v. Equifirst Corp., 2010 U.S. Dist. LEXIS 143216 (C.D. Cal. Feb. 2, 2010); Runaj v. Wells Fargo Bank, 667 F.Supp.2d 1199, 1206 (S.D. Cal. 2009); Cobb v. Aurora Loan Servs., 408 B.R. 351, 354 (E.D. Cal. 2009); Hernandez v. Downey Sav. & Loan Ass'n, 2009 U.S. Dist. LEXIS 21495 (S.D. Cal. Mar. 17, 2009). The bankruptcy trustee becomes the real party in interest with respect to the bankruptcy estate assets. See id. A Chapter 7 bankruptcy debtor may not prosecute a cause of action that belongs to the bankruptcy estate absent a showing that the claims are exempt from the bankruptcy estate or the claims have been abandoned by the bankruptcy trustee. See Runaj, 667 F.Supp.2d at 1206; Cobb, 408 B.R. at 354; Rowland v. Novus Fin. Corp., 949 F.Supp. 1447, 1453-54 (D. Haw. 1996).

Here, as Plaintiff concedes, because this lawsuit was filed prior to Plaintiff filing bankruptcy, each of the causes of action alleged in this lawsuit are now the property of the bankruptcy estate, and Plaintiff cannot prosecute them. See id. That is, Plaintiff does not have prudential standing to pursue this lawsuit.[1] See Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004); Hernandez, 2009 U.S. Dist. LEXIS 21495 at *8-*13.

---

[1] Prudential standing is a judicially self-imposed limit on federal jurisdiction, and is separate from Article III constitutional standing. City of L.A. v. County of Kern, 581 F.3d 841, 845 (9th Cir. 2009).

2

However, it is possible to cure a lack of prudential standing through Rule 17(a).  See Dunmore, 358 F.3d at 1112.  Federal Rule of Civil Procedure 17(a)(3) reads: "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."  As discussed, the bankruptcy trustee is now the real party in interest.  See Cobb, 408 B.R. at 354.  Before dismissal of this lawsuit, the Court will give the trustee the opportunity to ratify, join, or be substituted in this lawsuit.  See De Pomar, 2010 U.S. Dist. LEXIS 143216 at *14; Runaj, 667 F.Supp.2d at 1210; Rowland, 949 F.Supp. at 1461.  Alternatively, the Court will give Plaintiff the opportunity to file an amended complaint that alleges either exemption or abandonment by the bankruptcy trustee.  See id.

With respect to the currently pending motion for preliminary injunction, first, Plaintiff no longer has standing to pursue the motion.  Second, the TRO prohibits the Defendants from foreclosing on Plaintiff's property.  Both parties acknowledge that the bankruptcy proceedings will prevent foreclosure.  See Court's Docket Doc. Nos. 24, 25.  In light of the on-going bankruptcy protection, the Court no longer sees a risk of irreparable harm to Plaintiff, nor does the Court currently see how an injunction would be in the public interest, nor does the Court currently see how the balance of equities tip in favor of an injunction.  That is, irrespective of Plaintiff's likelihood of success on the merits,[2] each additional consideration regarding preliminary injunctions weighs against issuing an injunction.  See Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008); Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).  Plaintiff's request to stay the hearing on the preliminary injunction is not well taken.  The Court will not keep a motion that is "temporarily moot" on its docket for an uncertain period of time while bankruptcy proceedings are underway.  Instead, in light of the bankruptcy filing, the Court will deny Plaintiff's motion for preliminary injunction without prejudice.

---

[2] Again, Plaintiff's lack of prudential standing means that she will not succeed on the merits.  See Hernandez 2009 U.S. Dist. LEXIS 21495 at *8-*13, *29.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 24, 2011, hearing on Plaintiff's motion for preliminary injunction is VACATED;
2. Plaintiff's motion for preliminary injunction is DENIED without prejudice;
3. No later than 1:00 p.m. on November 18, 2011, either:
   a. A notice shall be filed with the Court of the bankruptcy trustee's ratification, joinder, or substitution pursuant to Rule 17(a)(3); or
   b. Plaintiff shall file an amended complaint that alleges, consistent with Rule 11, that the causes of action alleged in this lawsuit are exempt from the bankruptcy estate or that the bankruptcy trustee has abandoned the causes of action alleged in this lawsuit;[3] and
4. The failure to abide by the time limitations in this order will result in the dismissal of the entire action without further notice.

IT IS SO ORDERED.

Dated:   October 20, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] Any amended complaint shall comply with the federal pleading requirements as set forth in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).