FILED

NOV 29 2016

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
    DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE IRIGOYEN,<br><br>**Plaintiff**<br><br>v.<br><br>FIRST GUARANTEE FINANCIAL CORP., et al.,<br><br>**Defendant** | CASE NO. 1:11-CV-1096 AWI BAM<br><br>ORDER FOR FUNDS HELD IN THE COURT REGISTRY TO BE MOVED TO UNCLAIMED FUNDS |

On July 6, 2011, the Court granted Plaintiff's motion for a temporary restraining order. See Doc. No. 11. As part of that order, the Court set a security in the amount of $2,500.00, per Rule 65(c). See id. On October July 7, 2011, Plaintiff deposited the security into the Court's registry. The funds were paid for the benefit of Plaintiff by her counsel's law firm. On December 9, 2011, the Court dismissed and closed this case in light of Plaintiff's bankruptcy. See Doc. No. 28. The $2,500 security was not disbursed.

Nearly four years later, after no requests for the $2,5000 were made, the Court ordered that the $2,500 (plus accrued interest) be moved to the Court's Unclaimed Funds Account on September 3, 2015. See Doc. No. 30. As part of that order, the Court explained that Plaintiff's counsel was believed to be deceased and that his firm appeared to have wound down, and that it was not clear to whom the funds should be dispersed.[1] See id.

On October 19, 2016, an application was made for the disbursement of the $2,500.00. See Doc. No. 31. Attorney Eddie Ruiz declares that he was appointed as the Ex Parte Practice

---

[1] Plaintiff's counsel J.M. Irigoyen is listed as "Deceased" in the Court's docket.

Administrator for Plaintiff's counsel, J.M. Irigoyen. See id. Mr. Ruiz has attached a copy of a May 2014 order from the Madera County Superior Court that appointed him as Practice Administrator following the incapacity of J.M. Irigoyen. See id. Mr. Ruiz declares that he has made inquiry and has no knowledge of any other party who may be entitled to the funds, and is not aware of any dispute regarding the funds. See id. As the administrator of J.M. Irigoyen's law practice, Mr. Ruiz requests that the $2,500 be paid to the Estate of J.M. Irigoyen, care of attorney Stanley Teixeira. See id.

When the $2,500 was initially deposited with the Court in 2011, the receipt in the docket indicated that the funds were provided by the J.M Irigoyen Law Corporation. Mr. Ruiz is the administrator of that practice. Since the receipt indicates that the funds went through J.M. Irigoyen's law practice, Mr. Ruiz's claim to the funds appears valid. Furthermore, nearly four years passed from the closing of this case to the time in which the Court moved the funds to the Unclaimed Funds Account. It has been over a year since the funds were so moved. From September 3, 2011, to the present, no one has made a request for the funds (other than Mr. Ruiz). Given the passage of time and the facially valid basis to claim the funds by Mr. Ruiz, the Court will grant Mr. Ruiz's request and disburse the funds to the Estate of J.M. Irigoyen.

Accordingly, IT IS HEREBY ORDERED that, the Clerk shall distribute the $2,500.00 (plus all accrued interest), that was placed in the Court's Unclaimed Funds Account in this Case on September 3, 2015, to the Estate of Jean Michel Irigoyen, c/o J. Stanley Teixeira, Esq., 1233 W. Shaw Avenue, Suite 100, Fresno, CA 93711.

IT IS SO ORDERED.

_____     11-29-16
Anthony W. Ishii, Senior District Judge     Date